UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL SANTANA SALGADO, CDCR #F-57811,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO ARIAS, Warden, JOHN DOE,<br><br>Defendants. | Case No.: 23-cv-2099-MMA (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[Doc. No 2]; and**<br><br>**(2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b** |

**I.   INTRODUCTION**

Plaintiff, Raul Santana Salgado ("Plaintiff" or "Salgado"), an inmate at Calipatria State Prison ("CAL") and proceeding pro se, has filed a civil action pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP"). Doc. Nos. 1, 2. Salgado alleges his Eighth Amendment right to be free or cruel and unusual punishment has been violated by Defendants' failure to repair a leak in his cell. *See* Doc. No. 1 at 3–4.

For the reasons discussed below, the Court **GRANTS** Plaintiff's IFP motion and **DISMISSES** the Complaint without prejudice and with leave to amend.

## II. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States prior to December 1, 2023, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners seeking to establish an inability to pay must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1) & (4). Prisoners who proceed IFP must repay the entire fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his IFP Motion, Salgado has provided a copy of his trust account

---

[1] In cases filed before December 1, 2023, civil litigants must pay an additional administrative fee of $52 in addition to the $350 statutory fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2021)). The $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

statement. *See* Doc. No. 2 at 7–9. During the months prior to filing suit, he had an average monthly balance of $247.71, average monthly deposits of $231.13, and an available account balance of $0.00. at the time he filed suit. *Id.* at 4, 7. Accordingly, Salgado's IFP motion is **GRANTED**. While the Court assesses no initial payment, Plaintiff will be required to pay the full $350 filing fee in installments to be collected from his trust account as set forth in 28 U.S.C. § 1915(b)(2).

### III.   SCREENING PURSUANT TO 28 U.S.C. § 1915(e) AND § 1915A(b)

#### A.   Legal Standards

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the

Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Plaintiff's Allegations

In his Complaint, Plaintiff states that his cell at CAL leaks "every time it rains." Doc. No. 1 at 3. He contends "maintenance has been notified of the cells leaking in building D3 [but they] have done nothing to [fix it]." *Id.* Salgado alleges that on October 15, 2022, several personal items of "sentimental value," including family photos, legal papers and reading materials, were destroyed due to the leak in his cell. *Id.* While "maintenance has had a work order put in" to make repairs, they "have done nothing to fix the leaking cells." Another leak occurred on September 1, 2023. *Id.* at 4.

Plaintiff alleges his Eighth Amendment rights have been violated by the conditions caused by the leak and names two defendants: CAL Warden Arias and an "Unknown John Doe," whom he describes as a CAL maintenance worker. *Id.* at 2–4. Salgado seeks $60,000 in damages. *Id.* at 7.

### C. Discussion

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). As such, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted).

To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference." *Labatad v. Corrs. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)). The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently

serious." *Farmer*, 511 U.S. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id*. at 837; *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

First, Salgado has not adequately alleged the conditions created by the purported leak were "sufficiently serious" to support an Eighth Amendment claim. The Constitution "does not mandate comfortable prisons." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Objectively, "extreme deprivations are required to make out a conditions-of-confinement claim" and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "The circumstances, nature, and duration of a deprivation of [] necessities must be considered in determining whether a constitutional violation has occurred." *Johnson*, 217 F.3d at 731; *see also Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (stating that when considering the conditions of confinement, courts should consider the amount of time to which the prisoner was subjected to the condition). The more basic the need, the shorter the time it can be withheld. *Johnson*, 217 F.3d at 731.

Here, however, Salgado merely states his cell leaks "every time it rains" and that some of his personal property was damaged by the leaky ceiling on one occasion. Doc. No. 1 at 3. This alone is insufficient to satisfy the objective prong. For instance, Salgado does not offer any facts regarding the frequency of the leak or its severity. He describes only two occasions when his cell leaked, occurring over a year apart. *Id.* at 3–4. And he does not describe how a leaking ceiling alone presents a risk to his health or safety. Without specific facts describing the circumstances, nature, severity, and duration of the leak, it is impossible to determine whether the risk posed by it is "grave enough" to constitute cruel and unusual punishment. *See Johnson*, 217 F.3d at 731; *see also Washington v. Atchley*, No. 21-cv-01584-JD, 2021 WL 2207428, at *2 (N.D. Cal. June 1, 2021) ("To state a cognizable claim for relief, there must be a confluence of conditions

1 / / /

2 such that the flooded cell posed a serious, unavoidable threat to plaintiff's safety."). 
3 Plaintiff's conclusory allegations are insufficient. *See Iqbal*, 556 U.S. at 678.

4  In addition, Salgado fails to plausibly allege Defendants knew of, and disregard, an 
5 "excessive risk to [his] health or safety." *See Farmer*, 511 U.S. at 837. As for Plaintiff's 
6 claim against Warden Arias, government officials are not liable under § 1983 for their 
7 subordinates' unconstitutional conduct based on respondeat superior. Instead, Salgado 
8 must plead that "each Government-official defendant, through the official's own 
9 individual actions, has violated the Constitution." *See Iqbal*, 556 U.S. at 676. Here, 
10 Plaintiff alleges no specific facts as to Arias' knowledge of the leak, and no facts showing 
11 a causal connection between an individual act or omission by Arias, and the purported 
12 constitutional violation. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (stating 
13 that to find a supervisor under § 1983, a plaintiff must establish either: "(1) his or her 
14 personal involvement in the constitutional deprivation, or (2) a sufficient causal 
15 connection between the supervisor's wrongful conduct and the constitutional violation").

16  Salgado also fails to plausibly allege Defendant Doe, whom Salgado describes as a 
17 "maintenance worker,"[2] was subjectively aware of an excessive risk to his health or 
18 safety and consciously disregarded it. *Farmer*, 511 U.S. at 837, 839. In his Complaint, 
19 Salgado states that "maintenance" was "notified of the cells leaking in building D3."

---

[2] "A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights." *Cuda v. Employees/Contractors/Agents at or OCCC*, 2019 WL 2062945, at *3–4 (D. Haw. May 9, 2019); *see also Keavney v. County of San Diego*, No. 3:19-cv-01947-AJB-BGS, 2020 WL 4192286, at *4–5 (S.D. Cal. 2020) (noting that while Doe pleading is neither authorized nor specifically barred by the Federal Rules, "a complaint using fictitious names for unidentified defendants still requires 'specific facts showing how each particular Doe Defendant violated his rights.'").

1  Doc. No. 1 at 3. He further alleges that "maintenance has had work order put in" but have
2  thus far "done nothing to repair the leaking cells." *Id.* at 4. But Salgado fails to allege
3  specific facts regarding Doe's individual, personal knowledge of the leak or the work
4  order. Nor does he plausibly allege facts to show Doe was subjectively aware the leak
5  posed a "substantial risk of serious harm." *Famer*, 511 U.S. at 837. Moreover, to the
6  extent the Salgado acknowledges repairs were ordered but delayed, this amounts to
7  negligence at worst, and not a constitutional violation. *See Estelle v. Gamble*, 429 U.S.
8  97, 104 (1976) (establishing that deliberate indifference requires more than negligence);
9  *see also, e.g., Shannon v. Vannoy*, 2016 WL 1559583, *1 (M.D. La. Apr. 18, 2016)
10 (granting defendants' motion to dismiss where plaintiff claimed defendants were
11 deliberately indifferent to a known safety risk where they knew of but failed to repair a
12 hole in the ceiling of his cell that leaked every time it rained and finding that plaintiff's
13 claim was nothing more than a negligence claim and not cognizable under § 1983).
14         Based on the foregoing, the Court finds Plaintiff has failed to state an Eighth
15 Amendment claim against Defendants and therefore the case is **DISMISSED** without
16 prejudice. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678;
17 *Lopez*, 203 F.3d at 1126–27.

**D.   Leave to Amend**

         Given Plaintiff's pro se status, the Court **GRANTS** him an opportunity to amend
his complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district
court should not dismiss a pro se complaint without leave to amend [pursuant to 28
U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the
complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202,
1212 (9th Cir. 2012)).

/ / /

/ / /

/ / /

/ / /

## IV.  CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST CLEARLY IDENTIFY THE NAME AND CASE NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** the Complaint *sua sponte* for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's Amended Complaint must be complete by itself without reference to any previous version of his pleading; Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"); *Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action. *See Lira v. Herrera*, 427 F.3d 1164, 1169

(9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: January 29, 2024

HON. MICHAEL M. ANELLO
United States District Judge