UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL SANTANA SALGADO, CDCR #F-57811,<br><br>         Plaintiff,<br><br>vs.<br><br>ROBERTO ARIAS, UNKNOWN JOHN DOE,<br><br>         Defendants. | Case No.: 23-cv-2099-MMA (BLM)<br><br>**ORDER GRANTING REQUEST FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT**<br><br>**Doc. No. 7** |

  Plaintiff Raul Santana Salgado ("Plaintiff"), a state inmate currently housed at Calipatria State Prison, is proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983.[1] *See* Doc. No. 1. On January 29, 2024, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP") but dismissed the original complaint without prejudice for failure to state a claim. Doc. No. 6. The Court gave Plaintiff 45 days to file a First Amended Complaint ("FAC"). *Id.* On February 9, 2024, Plaintiff filed a "Motion for Leave to Amend Complaint ("Motion"), in which Plaintiff elaborates on some facts

---

[1] The case was initially filed in the United States District Court for the Central District of California and transferred to this Court on November 15, 2023. *See* Doc. No. 4.

1

contained in the original complaint. *See* Doc. No. 7. Having already granted Plaintiff leave to file an FAC, the Court liberally construes the Motion as a request for an extension of time to do so. *See Bernhardt v. Los Angeles Cnty*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions[.]"). Good cause appearing, the Court **GRANTS** Plaintiff an extension of time. He must file a First Amended Complaint **on or before April 15, 2025**.[2]

**IT IS SO ORDERED.**

Dated: March 1, 2024

HON. MICHAEL M. ANELLO
United States District Judge

---

[2] As discussed in this Court's January 29, 2024 Order, an amended complaint must be complete by itself without reference to any previous version of his pleading; Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"); *Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").